1   RONALD J. TENPAS
    Assistant Attorney General
2   S. JAY GOVINDAN
    Senior Trial Attorney
3   Environment and Natural Resources Division
    United States Department of Justice
4   Benjamin Franklin Station, P.O. Box 7369
    Washington, D.C.  20044-7369
5   Telephone: (202) 305-0237
    Facsimile: (202) 305-0275
6   Jay.Govindan@usdoj.gov

7   Attorneys for Federal Defendants

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      OAKLAND DIVISION

11

12  CITIZENS FOR BIOLOGICAL DIVERSITY,          )
                                                )   **ANSWER TO**
            Plaintiff,                          )   **COMPLAINT**
13                                              )   **FOR DECLARATORY**
            v.                                  )   **JUDGMENT AND**
14                                              )   **INJUNCTIVE RELIEF**
    MICHAEL CHERTOFFF, in his oficial capacity as )
15  Secretary of the U.S. Department of Homeland )   Case No. 08-2999 MMC
    Security, REAR ADMIRAL CRAIG E. BONE, in his )
16  official capacity as Commander of U.S. Coast Guard )
    District Eleven, and UNITED STATES COAST    )
17  GUARD,                                      )
                                                )
18          Defendants.                         )
    _____ )

19

20

21

22

23

24

25

26

27

28

**ANSWER OF FEDERAL DEFENDANTS**

COME NOW, Defendants, Michael Chertoff, in his official capacity as Secretary of the U.S. Department of Homeland Security, Rear Admiral Craig E. Bone, in his official capacity as Commander of U.S. Coast Guard District Eleven, and the United States Coast Guard, (collectively " Federal Defendants"), and in answer to Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief hereby admit, deny, and aver as follows:

**GENERAL DENIAL**

Federal Defendants deny any allegations contained in Plaintiff's Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.  To the extent that any of Plaintiff's allegations are directed at less than all of the Federal Defendants, the responses below are hereby adopted by all Federal Defendants.

**SPECIFIC DENIALS**

The numbered paragraphs of this Answer correspond to the numbered paragraphs of Plaintiff's Complaint.

1.     The allegations in Paragraph 1 are too vague and ambiguous to permit a response and on that basis, Federal Defendants deny the same.

2.     The allegations in the first sentence of Paragraph 2 consist of conclusions of law which require no response.  Federal Defendants deny the allegations in the second sentence of Paragraph 2.

3.     The allegations in Paragraph 3 are too vague and ambiguous to permit a response and on that basis, Federal Defendants deny the same.

4.     The allegations in Paragraph 4 consist of conclusions of law which require no response. To the extent that a response is required, the allegations are denied.

5.     The allegations in Paragraph 5 purport to characterize Plaintiff's case and require no response.

**JURISDICTION AND VENUE**

6.     The allegations in Paragraph 6 consist of conclusions of law and require no response.

7.    The allegations in the first sentence of Paragraph 7 purport to characterize Plaintiff's case and require no response.  In response to the allegations in the second sentence of Paragraph 7, Federal Defendants admit that Plaintiffs sent a letter to Federal Defendants dated November 8, 2007, which speaks for itself and is the best evidence of its contents. Any allegations contrary to that letter's plain language, meaning and context are denied. The allegations in the third sentence of Paragraph 7 consist of legal conclusions which require no response.  To the extent that a response is required, the allegations are denied.

8.    In response to the allegations in the first sentence of Paragraph 8, Federal Defendants admit that the office of Rear Admiral Craig E. Bone is located at the Coast Guard Eleventh District headquarters on Coast Guard Island, and the remaining allegations in the first sentence of Paragraph 8 consist of legal conclusions which require no response. The allegations in the second sentence of Paragraph 8 purport to characterize Plaintiff's case and require no response.

9.    The allegations in Paragraph 9 consist of legal conclusions which require no response.

## PARTIES

10.    Federal Defendants lack sufficient information to form a belief regarding the allegations in Paragraph 10, and on that basis deny the same.

11.    Federal Defendants lack sufficient information to form a belief regarding the allegations in Paragraph 11, and on that basis deny the same.

12.    Federal Defendants lack sufficient information to form a belief regarding the allegations in Paragraph 12, and on that basis deny the same.

13.    In response to the allegations in Paragraph 13, Federal Defendants admit that Michael Chertoff is the Secretary of the United States Department of Homeland Security, and the remainder of the allegations in Paragraph 13 consist of conclusions of law which require no response.

14.    Federal Defendants admit the allegations in the first sentence of Paragraph 14.  In response to the allegations in the second sentence of Paragraph 14, Federal Defendants

admit that Rear Admiral Bone maintains an office in U.S. Coast Guard District Eleven, and state that the remaining allegations in this sentence consist of conclusions of law which require no response.

15.     Federal Defendants admit the allegations in the first and third sentences of Paragraph 15. The allegations in the second sentence of Paragraph 15 consist of conclusions of law which require no response.

## LEGAL BACKGROUND

16.     The allegations in Paragraph 16 purport to characterize provisions of the Endangered Species Act, a statute which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning and context are denied.

17.     The allegations in Paragraph 17 consist of conclusions of law which require no response, and further consist of Plaintiff's characterization of the requirements of the Endangered Species Act, a statute which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning and context are denied.

18.     The allegations in Paragraph 18 purport to characterize provisions of the Ports and Waterways Safety Act, a statute which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning and context are denied.

19.     The allegations in Paragraph 19 consist of conclusions of law which require no response, and further consist of Plaintiff's characterization of the requirements of the Ports and Waterways Safety Act, a statute which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning and context are denied.

20.     The allegations in Paragraph 20 purport to characterize provisions of the Ports and Waterways Safety Act, a statute which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning and context are denied.

21.   The allegations in Paragraph 21 purport to characterize provisions of the Ports and Waterways Safety Act, a statute which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning and context are denied.

22.   The allegations in Paragraph 22 consist of conclusions of law which require no response, and further consist of Plaintiff's characterization of the requirements of the Ports and Waterways Safety Act, a statute which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain language, meaning and context are denied.

## FACTUAL BACKGROUND

23.   Federal Defendants admit the allegations in the first two sentences of Paragraph 23. The allegations in the third sentence of Paragraph 23 are too vague and ambiguous to permit a response, and on that basis, the allegations are denied.

24.   Federal Defendants admit the allegations in Paragraph 24.

25.   The allegations in Paragraph 25 are too vague and ambiguous to permit a response and on that basis Federal Defendants deny the allegations.

26.   In response to the allegations in Paragraph 26, Federal Defendants admit that the blue whale is listed as an endangered species. The remaining allegations characterize the listing decision for the blue whale and estimates from the National Marine Fisheries Service, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those decisions and estimates are denied.

27.   The allegations in Paragraph 27 purport to characterize the contents of the recovery plan for the blue whale, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the recovery plan are denied.

28.   The allegations in the first sentence of Paragraph 28 purport to characterize a

determination by the National Marine Fisheries Service, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to that determination's plain language, meaning and context are denied.  Federal Defendants lack sufficient information to form a belief regarding the remaining allegations in Paragraph 28, and on that basis, deny the same.

29.    Federal Defendants lack sufficient information to form a belief regarding the allegations in Paragraph 29, and on that basis, deny the same.

30.    Federal Defendants admit the allegations in the first sentence of Paragraph 30.  The remaining allegations in Paragraph 30 purport to characterize population estimates and the contents of a stock assessment report, which speaks for themselves and are the best evidence of their contents.  Any allegations contrary to those materials' plain language, meaning and context are denied.

31.    Federal Defendants lack sufficient information to form a belief regarding the allegations in Paragraph 31, and on that basis, deny the same.  Federal Defendants further state that the allegations in Paragraph 31 are too vague and ambiguous to permit a response, and on that basis, the allegations are denied.

32.    Federal Defendants admit the allegations in the first sentence of Paragraph 32.  In response to the allegations in the second sentence of Paragraph 32, Federal Defendants admit that the range of the sei whale includes the waters off the coast of California which may include shipping lanes, and deny the remaining allegations in this sentence.  The allegations in the third sentence of Paragraph 32 purport to characterize a determination from the National Marine Fisheries Service, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning and context of this determination are denied.

33.    Federal Defendants admit the allegations in the first sentence of Paragraph 33.  Federal Defendants lack sufficient information to form a belief regarding the allegations in the second and third sentences of Paragraph 33, and on that basis, deny the same.

34.     Federal Defendants admit the allegations in the first sentence of Paragraph 34.   Federal Defendants lack sufficient information to form a belief regarding the allegations in the second sentence of Paragraph 34, and on that basis, deny the same.  In response to the allegations in the third sentence of Paragraph 34, Federal Defendants admit that North Pacific right whales are found in waters along the coast of California and deny the remaining allegations in this sentence.

35.     The allegations in Paragraph 35 are too vague and ambiguous to permit a response and on that basis, Federal Defendants deny the same.

36.     Federal Defendants admit that other listed species are found in the waters off the California coast, and lack sufficient information to form a belief regarding the remaining allegations in Paragraph 36, and on that basis, deny the same.

37.     Federal Defendants deny the allegations in Paragraph 37.

38.     Federal Defendants admit the allegations in the first three sentences of Paragraph 38. The remaining allegations in Paragraph 38 consist of conclusions of law which require no response.

39.     Federal Defendants admit the allegations in the first sentence of Paragraph 39.  The allegations in the second sentence of Paragraph 39 consist of legal conclusions which require no response.  To the extent that a response is required, the allegations are denied.

40.     Federal Defendants admit the allegations in the first sentence of Paragraph 40.  The allegations in the second sentence of Paragraph 40 consist of legal conclusions which require no response.  To the extent that a response is required, the allegations are denied.

41.     Federal Defendants deny the allegations in Paragraph 41.

## CAUSE OF ACTION

42.     Each and every allegation set forth in this Answer is incorporated herein by reference.

43.     Federal Defendants deny the allegations in Paragraph 43.

## PRAYER FOR RELIEF

Federal Defendants deny that Plaintiffs are entitled to the relief sought in their Complaint

1  or to any relief whatsoever.  Wherefore, Federal Defendants respectfully request that this Court

2  enter judgment for Federal Defendants, order each party to bear its own attorneys' fees and

3  costs, and order such other relief as the Court deems just and proper.

4  **AFFIRMATIVE DEFENSES**

5  **First Affirmative Defense**

6  Some or all of the claims in Plaintiff's Complaint fail to state a claim upon which relief

7  can be granted.

8  **Second Affirmative Defense**

9  This court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

10  **Third Affirmative Defense**

11  Plaintiff lacks standing to bring this action.

12  Federal Defendants reserve the right to modify, revise or supplement this Answer, to

13  plead such further defenses as become necessary as this case develops, and reserve the right to

14  adopt any defenses raised by other parties to this litigation.

15
16  RONALD J. TENPAS
    Assistant Attorney General
    Environment & Natural Resources Division

17   s/ S. Jay Govindan
18  S. JAY GOVINDAN, Senior Trial Attorney
    Environment & Natural Resources Division
    Wildlife & Marine Resources Section
19  Ben Franklin Station, P.O. Box 7369
    Washington, DC 20044-7369
20  Tel: (202) 305-0237
    Fax: (202) 305-0275
21  Email: Jay.Govindan@usdoj.gov

22  OF COUNSEL
    Lt. Jeffrey R. Bray
23  United States Coast Guard

24

25

26

27

28