IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>    Defendants.<br>_____/ | No. C-08-2999 MMC<br><br>**ORDER TO SHOW CAUSE; AFFORDING PLAINTIFF OPPORTUNITY TO FILE SUR-REPLY; CONTINUING HEARING** |

    Before the Court are plaintiff's motion for summary judgment, filed August 26, 2008, and defendants' cross-motion for summary judgment and opposition to plaintiff's motion, filed November 14, 2008. On December 12, 2008, plaintiff filed a combined opposition to defendant's cross-motion and reply to defendants' opposition to plaintiff's motion. On January 9, 2009, defendants' filed a reply to plaintiff's opposition to defendants' cross-motion.

    In the instant action, plaintiff alleges defendant United States Coast Guard ("Coast Guard") has violated § 7(a)(2) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2) ("§ 7(a)(2)") by failing to consult with the National Marine Fisheries Services to "ensure" that the Coast Guard's "activities under" the Ports and Waterways Safety Act ("PWSA"), 33 U.S.C. § 1221 et seq., "in the Santa Barbara Channel and other shipping lanes off the California coast . . . . will not jeopardize the continued existence of threatened

and endangered species." (See Compl. ¶ 43.) Section § 7(a)(2) of the ESA provides, in relevant part:

> "Each Federal agency shall, in consultation with and with the assistance of the Secretary, insure that any agency action authorized, funded, or carried out by such agency . . . is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species which is determined by the Secretary, after consultation as appropriate with affected States, to be critical, unless such agency has been granted an exemption for such action by the Committee pursuant to subsection (h) of this section.

See § 7(a)(2). Under the PWSA, the Coast Guard, among other things, "may construct, operate, maintain, improve, or expand vessel traffic services, consisting of measures for controlling or supervising vessel traffic or for protecting navigation and the marine environment" and "may control vessel traffic in areas . . . which the Secretary determines to be hazardous." See 33 U.S.C. § 1223(a)(1), (4).

In their opposition and cross-motion, defendants argue that plaintiff has failed to identify any "agency action," see § 7(a)(2), taken by the Coast Guard within the six-year limitations period for suits against the United States, as provided in 28 U.S.C. § 2401(a). Specifically, defendants assert that any challenge to the Coast Guard's amendment, in 2000, of three Traffic Separation Schemes ("TSS") for ship traffic off the California coast[1] is barred by the statute of limitations and that, for the period after 2000, neither two "Local Notice[s] to Mariners" (see Opp'n & Cross-Mot. at 17:7-8) nor "new information about increased incidence of blue whale mortalities during the fall of 2007" (see id. at 18:8-9 (internal quotation omitted)) triggered a duty to consult on the part of the Coast Guard.

Plaintiff, in its opposition and reply, asserts it "does not challenge the validity or substance of the 2000 TSS decisions" (see Opp'n & Reply at 3:12-13 (emphasis in original)) and that it "does not contend . . . that the mariners' notices themselves trigger particular ESA obligations" (see id. at 7:1-2). Rather, plaintiff asserts, its challenge is to

---

[1]The TSSs at issue are the TSSs "in the Santa Barbara Channel . . . . in the approaches to Los Angeles-Long Beach . . . and off San Francisco." (See Compl. ¶ 38.) Regulations promulgated under the PWSA define a TSS as "a designated routing measure which is aimed at the separation of opposing streams of traffic by appropriate means and by the establishment of traffic lanes." See 33 C.F.R. § 167.5(b).

1  "the Coast Guard's failure to comply with the ESA consultation requirements in connection
2  with ongoing vessel management activities" (see id. at 5:14-6:2) and "ongoing traffic
3  management actions" (see id. at 7:7-8).  Such ongoing activities, plaintiff contends,
4  constitute a "continuing violation" of the ESA, such that the statute of limitations
5  "commences to run anew each and every day that the [agency] does not fulfill the
6  affirmative duty required of it."  (See id. at 4:13-16 (quoting So. Appalachian Biodiversity
7  Project v. U.S. Fish & Wildlife Servs., 181 F. Supp. 2d 883, 887 (E.D. Tenn. 2001)
8  (alteration in original).)

9  Defendants, in their reply, argue that the Court "possesses jurisdiction only to the
10  extent that [plaintiff] is challenging the Coast Guard's alleged implementation of the Santa
11  Barbara Channel TSS" and that, consequently, the Court lacks jurisdiction to consider
12  plaintiff's challenge to "all other alleged but unidentified 'shipping traffic management
13  actions' supposedly undertaken by the Coast Guard."  (See Reply at 5:3-8.)  In particular,
14  defendants contend, "implementation of the Santa Barbara Channel TSS" is the only
15  alleged violation identified in plaintiff's "60-Day Notice of Intent to Sue."  (See Reply at 4:24-
16  5:1; Cummings Decl. Ex. C, at 7-9); see also 16 U.S.C. § 1540(g)(2) (providing "[n]o action
17  may be commenced" under ESA citizen suit provision "prior to sixty days after written
18  notice of the violation has been given to the Secretary, and to any alleged violator");
19  Southwest Ctr. for Biological Diversity v. U.S. Bureau of Reclamation, 143 F.3d 515, 520
20  (9th Cir. 1998) (noting § 1540(g)'s "sixty-day notice requirement is jurisdictional").

21  As defendants' jurisdictional argument is raised for the first time in their reply, and,
22  consequently, plaintiff has not had an opportunity to respond to such argument, the Court
23  will afford plaintiff an opportunity to file a sur-reply.

24  Further, to the extent plaintiff alleges violations of § 7(a)(2) arising from the Los
25  Angeles-Long Beach TSS or the San Francisco TSS (see Compl. ¶¶ 22-24, 37-40), plaintiff
26  is hereby ORDERED TO SHOW CAUSE why such claims should not be dismissed for lack
27  of subject matter jurisdiction, for the reason that plaintiff's "60-Day Notice of Intent to Sue"
28  does not appear to identify any implementation of or action under such TSSs as

3

constituting alleged violations of the ESA (see Cummings Decl. Ex. C, at 7-9).

      Accordingly, plaintiff shall file, no later than February 6, 2009, a combined sur-reply and response to the Court's Order to Show Cause. Defendants may file, no later than February 20, 2009, a reply to plaintiff's response to the Order to Show Cause.

      In light of the above, the hearing on the plaintiff's motion for summary judgment and defendants' cross-motion for summary judgment is CONTINUED to March 6, 2009.

**IT IS SO ORDERED.**

Dated: January 20, 2009

                                                MAXINE M. CHESNEY
                                                United States District Judge